**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>(Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
METHODOLOGY, AND DISCLAIMER REGARDING THE DEBTORS'
SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS**

Alamo Drafthouse Cinemas Holdings, LLC and its affiliated debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") are filing their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

integral part of, the Schedules and Statements. These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements have been prepared based on information provided by the Debtors' management and are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such financial information; however, subsequent information or discovery may result in material changes to the Schedules and/or the Statements, and inadvertent errors, omissions or inaccuracies may exist. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements.

**Reservation of Rights**. Nothing contained in the Schedules and Statements, or these Global Notes, shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.

**Description of the Case and "as of" Information Date**. On March 3, 2021 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Unless otherwise indicated herein or in the Schedules and Statements, all financial information of the Debtors in the Schedules and Statements and these Global Notes is provided as of March 4, 2021, which is the closest final month-end date to the Petition Date. Debtor Mondo Tees, LLC most recently reported its royalty payments as of December 31, 2020.

**Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors.

**Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in or excluded from the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Insiders**. Prior to the Petition Date, the Debtors appointed Michael Foreman as the Debtors' independent director. As such, Mr. Foreman has been included on Statement 4.

---

[2] These Global Notes are in addition to any specific notes that may be contained in the Schedules and Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements, and not to others, should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to any of the other Schedules or Statements, as appropriate.

27927056.3

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

    a.    **Current Market Value—Net Book Value**.  In many instances, current market valuations are neither maintained by, nor readily available to, the Debtors.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available.  Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements) and may not reflect the net realizable value.

    b.    **First Day Orders**.  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Court (each, a "**First Day Order**," and collectively, the "**First Day Orders**"), the Debtors and their estates are authorized to pay certain pre-petition claims, including, without limitation, certain claims related to employee wages, benefits, and reimbursements, claims for taxes and fees, and claims related to their insurance program and customer programs.  Except to the extent that these parties have claims in excess of the authority granted to the Debtors under the First Day Orders, in certain instances, the Debtors may have not included certain claims of this nature in the Schedules and Statements.

    c.    **Setoffs**.  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from the Schedules and Statements.  The Debtors and their estates reserve all of their rights with respect to any such setoffs.

    d.    **Credits and Adjustments**.  Claims of creditors are listed in the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors and their estates reserve all of their rights with regard to such credits, allowances and other adjustments, including, without limitation, the right to assert claims objections, setoffs, and recoupments with respect to the same.

    e.    **Accounts Receivable**.  The accounts receivable information listed on Schedule A/B includes both billed and unbilled receivables, and is net of allowance for doubtful accounts, which is minimal.

    f.    **Leases**.  In the ordinary course of business, the Debtors may lease certain real property, fixtures and equipment from certain third-party lessors for use in the operation of their business.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing

        arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

    g.    **Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estate. Rather, the Debtors' executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims; however, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors and their estates reserve any and all rights with respect to the assertion of any such claims.

**Unknown or Undetermined Amounts**.  Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**Liabilities**.  At the time of the filing of the Schedules and Statements, the Debtors are continuing to reconcile certain accounts payable liabilities.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information available at the time of the filing of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of any claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors and their estates reserve all rights to dispute or challenge the validity of any claims asserted under section 503(b)(9) of the Bankruptcy Code, or the characterization of the structure of any transaction, document or instrument related to any such claim.

**Estimates**.  To timely close their books and records, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.  The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue and expenses to reflect changes in those estimates and assumptions.

**Classifications**.  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "unsecured priority," or (c) on Schedule F as "unsecured non-priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors or their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors or their estates to recharacterize or reclassify any claim or contract.

**Claims Description**.  Any failure to designate a claim on the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors and their estates that such amount is not "disputed," "contingent" or "unliquidated." The Debtors and their estates reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on the

27927056.3

4

Schedules on any grounds, including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Listing a claim on the Schedules does not constitute an admission of liability by the Debtors and their estates, and the Debtors and their estates reserve all rights to amend the Schedules.

**Guaranties and Other Secondary Liability Claims**. Guaranties and other secondary liability claims (collectively, the "**Guaranties**") with respect to the Debtors' contracts and leases may not be included on Schedule H; however, certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and similar agreements may exist. Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

## NOTES FOR SCHEDULES

**Schedule A/B— Assets – Real and Personal Property**. Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers. The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of action, or in any way prejudice, impair or otherwise affect the assertion of such claims and causes of action.

As applicable, ownership interests in businesses, partnerships, and joint ventures (including any subsidiaries) have been listed in Schedule A/B, Part 4, at net book value. The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the listed net book value.

Any leasehold improvements and equipment identified on Schedule A/B, Part 8 are listed net of any depreciation. In addition, for purposes of Schedule A/B, Questions 47 and 50, where a value is stated for equipment, such value is the gross book value set forth on the Debtors' fixed asset ledger.

Patents, trademarks, and other intellectual property is listed on Schedule A/B, Part 10 as an unknown or undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the net book value.

Certain of the Debtors' assets listed in response to Schedule A/B, Question 75 may also be captured in response to Schedule A/B, Part 3.

**Schedule D—Creditors Holding Secured Claims**. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed

27927056.3

on Schedule D. Moreover, although the Debtors may have scheduled claims of creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document or instrument related to any such claim. The descriptions provided in Schedule D are intended only to be a summary.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies and other parties that may hold security deposits.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors and their estates are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserve all rights as set forth in these Global Notes.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses to which such parties may be entitled.

**Schedule E—Creditors Holding Unsecured Priority Claims**. The Debtors have not listed on Schedule E certain tax and priority employee wage and benefit claims for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order. The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during the chapter 11 case pursuant to the authority granted in the relevant First Day Orders. The Debtors and their estates reserve all rights to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.

**Schedule F—Creditors Holding Unsecured Non-Priority Claims**. Certain creditors listed on Schedule F may owe amounts to the Debtors; as such, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts, which rights are not reflected on Schedule F. Also, the amounts listed on Schedule F reflect known prepetition claims as of Petition Date. Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Schedule F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them. The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F.

As noted above, certain claims listed on Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code, and the Debtors and their estates reserve all rights with respect to any such claims.

The Debtors have used commercially reasonable efforts to include all creditors on Schedule F; however, the Debtors believe that there are instances in which vendors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor by vendor basis, and as such may not have been included on Schedule F.

27927056.3

6

The Debtors may have listed on Schedule F certain (but not all) unsecured non-priority employee wage or benefit claims for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order. The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during the chapter 11 case pursuant to the authority granted in the relevant First Day Orders. The Debtors and their estates reserve their rights to dispute or challenge whether creditors listed on Schedule F are entitled to priority claims.

**Schedule G—Executory Contracts and Unexpired Leases**. Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusion may have occurred in preparing Schedule G. In the ordinary course of business, the Debtors enters into various agreements with their customers and vendors. The Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, letter agreements, and confidentiality agreements that may not be set forth in Schedule G. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases and other agreements to which the Debtors are a party, including, without limitation, to add any executory contracts, unexpired leases and other agreements that the Debtors, due to the voluminous number of such contracts, leases and agreements, was unable to list on Schedule G at this time. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date, or is valid or enforceable. The agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed on Schedule G.

Any and all rights, claims and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved. The Debtors and their estates hereby reserve all of their rights to: (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary, including, without limitation, to modify which Debtor entities are a counterparty to the agreements.

## NOTES FOR STATEMENTS

**Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtors, except for those made to insiders, employees, and bankruptcy professionals. The amounts listed in Statement 3 reflect that Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

**Statement 7**. The Debtors and their estates reserve all rights, claims and defenses with respect to any and all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings). The listing of any such suits and proceedings shall not constitute an admission by

27927056.3

...

the Debtors and their estates of any liabilities or that the actions or proceedings were correctly filed against the Debtors. The Debtors and their estates reserve all rights to assert that the Debtors are not an appropriate party to such actions or proceedings. The Debtors may not have included on Statement 7 certain parties that may have asserted informal workers' compensation claims or similar claims that were resolved or otherwise addressed without formal litigation or an administrative hearing or similar proceeding having been commenced.

**Statement 16**. From time to time, the Company collects personally identifiable information ("**PII**") in the nature of customer names, addresses, email addresses, birth dates, or phone numbers, but such PII may not be stored on the Debtors' servers.

**Statement 25**. As described more fully in the *Declaration of Matthew Vonderahe in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 11], on June 13, 2018, the members of Debtor Alamo Drafthouse Cinemas, LLC, along with members and partners of certain entities under common control consummated a recapitalization of ADC and its affiliates (the "**Recapitalization**"). Pursuant to the Recapitalization, certain entities included on Statement 25 were transferred to the Debtors' non-debtor affiliates.

**Statement 26(d)**. From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, vendors, landlords, debtholders and their legal and financial advisors. Due to the confidentiality requirements of related non-disclosure agreements, and the number of parties that have received such statements, such parties may not be listed in response to this question.

**Statement 27**. Any inventories included on Statement 27 that are dated as of March 5, 2021 reflect the month-end inventories conducted at the applicable Debtor's theater venue(s).

27927056.3

**Fill in this information to identify the case:**

Debtor   Alamo Staten Island, LLC

United States Bankruptcy Court for the:   District of Delaware

Case number   21-10504
(if known)

☐ Check if this is an amended filing

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy      04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:   Income

1. **Gross revenue from business**

   ☒ None

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☒ None

### Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/1/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☒ None

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/1/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☒ None

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☒ None

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☒ None

### Part 3:   Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

   ☒ None

| | | | |
|---|---|---|---|
| Debtor | Alamo Staten Island, LLC | Case number (if known) | 21-10504 |
| | (Name) | | |

| | |
|---|---|
| **8.** | **Assignments and receivership**<br>List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.<br>☒ None |

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

| | |
|---|---|
| **9.** | **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**<br>☒ None |

| Part 5: | Certain Losses |
|---|---|

| | |
|---|---|
| **10.** | **All losses from fire, theft, or other casualty within 1 year before filing this case.**<br>☒ None |

| Part 6: | Certain Payments or Transfers |
|---|---|

| | |
|---|---|
| **11.** | **Payments related to bankruptcy**<br>List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.<br>☒ None |

| | |
|---|---|
| **12.** | **Self-settled trusts of which the debtor is a beneficiary**<br>List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.<br>Do not include transfers already listed on this statement.<br>☒ None |

| | |
|---|---|
| **13.** | **Transfers not already listed on this statement**<br>List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.<br>Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.<br>☒ None |

| Part 7: | Previous Locations |
|---|---|

| | |
|---|---|
| **14.** | **Previous addresses**<br>List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.<br>☒ Does not apply |

| Part 8: | Health Care Bankruptcies |
|---|---|

| | |
|---|---|
| **15.** | **Health Care bankruptcies**<br>Is the debtor primarily engaged in offering services and facilities for:<br>— diagnosing or treating injury, deformity, or disease, or<br>— providing any surgical, psychiatric, drug treatment, or obstetric care?<br>☒ No. Go to Part 9. |

| Part 9: | Personal Identifiable Information |
|---|---|

| | |
|---|---|
| **16.** | **Does the debtor collect and retain personally identifiable information of customers?**<br>☐ No.<br>☒ Yes.  State the nature of the information collected and retained.   Name, Address, Email, Telephone, Birthdate, Payment Information<br>         Does the debtor have a privacy policy about that information?<br>         ☐ No<br>         ☒ Yes |

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ☒ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

    ☒ No. Go to Part 10.
    ☐ Yes. Fill in below:

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ☒ None

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ☒ None

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

    ☒ None

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ☒ None

| Part 12: | Details About Environmental Information |

For the purpose of Part 12, the following definitions apply:
- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

    ☒ No
    ☐ Yes. Provide details below.

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ☒ No
    ☐ Yes. Provide details below.

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

    ☒ No
    ☐ Yes. Provide details below.

| Part 13: | Details About the Debtor's Business or Connections to Any Business |

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.
    ☒ None

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☐ None

| Name and address | Dates of service | |
|---|---|---|
| ERICA VOGEL, VICE PRESIDENT, ACCOUNTING<br>3908 AVENUE B<br>AUSTIN, TX  78751 | From  2/16/2021 | To  CURRENT |
| MATTHEW VONDERAHE, CHIEF FINANCIAL OFFICER<br>3908 AVENUE B<br>AUSTIN, TX  78751 | From  8/3/2020 | To  CURRENT |
| KEVIN JACKSON, VICE PRESIDENT, ACCOUNTING<br>3908 AVENUE B<br>AUSTIN, TX  78751 | From  3/2/2020 | To  10/9/2020 |
| ALTON FALTYSEK, CONTROLLER<br>3908 AVENUE B<br>AUSTIN, TX  78751 | From  9/28/2011 | To  8/4/2020 |
| BETHANY FERRELL, CONTROLLER<br>3908 AVENUE B<br>AUSTIN, TX  78751 | From  3/20/2017 | To  12/6/2019 |
| CHRISTOPHER HORSLEY, CONTROLLER<br>3908 AVENUE B<br>AUSTIN, TX  78751 | From  12/14/2015 | To  11/22/2019 |
| MARTIN HORNSBY, CHIEF FINANCIAL OFFICER<br>3908 AVENUE B<br>AUSTIN, TX  78751 | From  11/1/2005 | To  10/2/2019 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.
☐ None

| Name and address | Dates of service | |
|---|---|---|
| MAXWELL LOCKE & RITTER LLP<br>401 CONGRESS AVE STE 1100<br>AUSTIN, TX  78701 | From  2018 | To  CURRENT |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.
☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| ERICA VOGEL, VICE PRESIDENT, ACCOUNTING<br>3908 AVENUE B<br>AUSTIN, TX  78751 | |
| MATTHEW VONDERAHE, CHIEF FINANCIAL OFFICER<br>3908 AVENUE B<br>AUSTIN, TX  78751 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.
☐ None

| Name and address |
|---|
| 30 WEST PERSHING LLC<br>C/O ENTERTAINMENT PROPERTIES TRUST<br>ATTN: GENERAL COUNSEL<br>909 WALNUT ST, STE 200<br>KANSAS CITY, MO  64106 |

| Name and address |
|---|
| ACKERMAN, IRWIN B<br>C/O MEISLIK & MEISLIK<br>ATTN: NOTICE DEPT<br>66 PARK ST<br>MONTCLAIR, NJ 07042 |
| ACKLINIS YONKERS REALTY LLC<br>ATTN: IRWIN B ACKERMAN<br>187 MILLBURN AVE, STE 6<br>MILLBURN, NJ 07041 |
| ACP ALAMO FINANCE, INC<br>422 N. KINGSLEY DR.<br>LOS ANGELES, CA 90004 |
| ADC PARTNERS LTD<br>1717 W 6TH ST<br>AUSTIN, TX 78703 |
| AIR CRE<br>500 N BRAND BLVD, STE 900<br>GLENDALE, CA 91203 |
| ALAMO BLOC LLC<br>ATTN: TIMOTHY A LEAGUE<br>612 A E 6TH ST<br>AUSTIN, TX 78701 |
| ALAMO DRAFTHOUSE CINEMAS BAKER LLC<br>3908 AVENUE B<br>AUSTIN, TX 78751 |
| ALBEE DEVELOPMENT LLC<br>ATTN: CHRISTOPHER CONLON, EXECUTIVE VP<br>411 THEODORE FREMD AVE, STE 300<br>RYE, NY 10580 |
| ALLEN MATKINS LECK GAMBLE MALLORY ET AL<br>ATTN: SANDRA A JACOBSON ESQ<br>1900 MAIN ST, 5TH FL<br>IRVINE, CA 92614-7321 |
| ALTAMONT CAPITAL MANAGEMENT, LP<br>ATTN: KEVIN MASON<br>400 HAMILTON AVENUE SUITE 230<br>PALO ALTO, CA 94301 |
| AMERICAN EXPRESS<br>PO BOX 650448<br>DALLAS, TX 75265-0448 |
| ASPEN GRF2 LLC<br>973 LOMAS SANTA FE DDR<br>SOLANA BEACH, CA 92075 |
| BACH HOLDINGS<br>ATTN: BRANDON ARCENEAUX<br>7601 SOUTH STAPLES ST.<br>CORPUS CHRISTI, TX 78413 |
| BANK OF AMERICA NA<br>ATTN: REAL ESTATE LOAN ADMIN<br>101 N TRYON ST, NC1-007-11-15<br>CHARLOTTE, NC 28255 |
| BANK OF AMERICA, N.A.<br>100 N TRYON ST<br>STE 170<br>CHARLOTTE, NC 28202-4024 |
| BARSHOP & OLES<br>ATTN: DAN WHEAT<br>801 CONGRESS AVE, STE 300<br>AUSTIN, TX 78701 |
| BERKELEY RESEARCH GROUP, LLC<br>2200 POWELL ST STE 1200<br>EMERYVILLE, CA 94608-1833 |
| BKD REALTY<br>ATTN: BRYAN DABBS<br>2905 SAN GABRIEL, STE 204<br>AUSTIN, TX 78705 |

| Name and address |
|---|
| BRANCH BANKING & TRUST COMPANY<br>ATTN: SCOTT MICHAEL<br>434 FAYETTEVILLE ST, 4TH FL<br>RALEIGH, NC  27601 |
| CF ALMO UB LLC<br>2709 COMMERCE WAY<br>PHILADELPHIA, PA  19154 |
| CF ALMO UST LLC<br>2709 COMMERCE WAY<br>PHILADELPHIA, PA  19154 |
| CF AUSTIN RETAIL LLC<br>ATTN: INVESTMENT & PORTFOLIO MGR<br>100 WAUGH, STE 600<br>HOUSTON, TX  77007 |
| CITY OF NEW YORK, THE<br>CITY HALL<br>NEW YORK, NY  10007 |
| COJEAUX<br>ATTN: ANTHONY COCO<br>15200 POTOMAC TOWN PLACE<br>SUITE 100<br>WOODBRIDGE, VA  22191 |
| COMMONWEALTH LAND TITLE INSURANCE CO<br>140 E 45TH ST, 22ND FL<br>NEW YORK, NY  10017 |
| CONDON TOBIN SLADEK THORNTON PLLC<br>ATTN: WILLIAM L SLADEK<br>8080 PARK LN, STE 700<br>DALLAS, TX  75231 |
| CONFIGURE PARTNERS, LLC<br>3340 PEACHTREE RD NE STE 1010<br>ATLANTA, GA  30326-1409 |
| CORDOVA REAL ESTATE VENTURES<br>ATTN: CHRIS WHITWORTH<br>100 CONGRESS AVE, STE 2000<br>AUSTIN, TX  78701 |
| CRADDOCK PROPERTIES LLC<br>C/O LARRY J CRADDOCK<br>2325 HARTFORD RD<br>AUSTIN, TX  78703 |
| DDR ASPEN GROVE LIFESTYLE CTR PROPERTIES<br>ATTN: EVP, LEASING<br>3300 ENTERPRISE PKWY<br>BEACHWOOD, OH  44122 |
| DDR DB STONE OAK LP<br>3300 ENTERPRISE PKWY<br>BEACHWOOD, OH  44122 |
| DENVER URBAN RENEWAL AUTHORITY<br>1555 CALIFORNIA ST, STE 200<br>DENVER, CO  80202 |
| DEUTSCHE BANK AG NEW YORK BRANCH<br>ATTN: JAMES ROLISON<br>60 WALL ST, 10TH FL<br>NEW YORK, NY  10005 |
| DEVCO-GLENDALE LLC<br>ATTN: STEPHEN G SEITZ<br>2000 MCKINNEY AVE, STE 1000<br>DALLAS, TX  75201 |
| ENTERTAINMENT MANAGEMENT<br>ATTN: TYLER CALABRESE<br>201 FARNAM ST<br>6111<br>OMAHA, NE  68131 |
| ENTERTAINMENT PROPERTIES TRUST<br>ATTN: GENERAL COUNSEL<br>909 WALNUT, STE 200<br>KANSAS CITY, MO  64106 |

| Name and address |
|---|
| EPR<br>C/O STINSON LLP<br>ATTN: BRIAN E. SOBCZYK<br>1201 WALNUT STREET, SUITE 2900<br>KANSAS CITY, MO  64106-2150 |
| FHF I LAMAR UNION LLC<br>C/O DAY CABLE COMPANY INC<br>ATTN: DREW CABLE<br>12912 HILL COUNTRY BLVD, STE F-233<br>BEE CAVE, TX  78738 |
| FOPA PARTNERS LLC<br>ATTN: STEVE SMITH<br>3441 OLIVE ST<br>ST LOUIS, MO  63103 |
| FORTRESS CREDIT CORP.<br>1345 AVENUE OF THE AMERICAS 46TH FLOOR<br>NEW YORK, NY  10105 |
| FROST BANK<br>ATTN: ADAM HARRIS SR VP COMM REAL ESTATE<br>PO BOX 1600<br>SAN ANTONIO, TX  78296 |
| GDG SOUTH LAMAR PLAZA LP<br>ATTN: AMANDA COUPE<br>STREAM REALTY PARTNERS LP<br>515 CONGRESS AVE, STE 1300<br>AUSTIN, TX  78701 |
| GS SOUTH LAMAR PLAZA LP<br>ATTN: DEREK BROWN<br>6300 BRIDGE POINT PKWY, BLDG 3 300<br>AUSTIN, TX  78730 |
| GSO CAPITAL PARTNERS<br>BLACKSTONE CREDIT<br>345 PARK AVENUE<br>NEW YORK, NY  10154 |
| HOBBY PROPERTIES<br>515 N BLOUNT ST<br>RALEIGH, NC  27604 |
| HYLAN PLAZA 1339 LLC<br>C/O KIMCO REALTY<br>ATTN: ANDREW GRIFFIN<br>500 N BROADWAY, STE 201<br>JERICHO, NY  11753 |
| JACKSON WALKER LLP<br>ATTN: KURT D NONDORF<br>1401 MCKINNEY, STE 1900<br>HOUSTON, TX  77010 |
| JAMES PARK<br>3908 AVENUE B<br>AUSTIN, TX  78751 |
| JOHN MADDEN<br>3908 AVENUE B<br>AUSTIN, TX  78751 |
| JON CARTER<br>3908 AVENUE B<br>AUSTIN, TX  78751 |
| KERBBY LLC<br>ATTN: JOHN HOLMES<br>515 N BLOUNT ST<br>RALEIGH, NC  27604 |
| KEYBANK NATIONAL ASSOCIATION<br>127 PUBLIC SQ STE 5600<br>CLEVELAND, OH  44114-1226 |
| LAMAR UNION<br>C/O DABBS CABLE LLC<br>ATTN: DREW CABLE<br>12912 HILL COUNTRY BLVD, STE F-233<br>BEE CAVE, TX  78738 |

Debtor  Alamo Staten Island, LLC                                                   Case number (if known) 21-10504
        (Name)

| Name and address |
|---|
| LEAGUE HOLDINGS LLC<br>1717 W 6TH ST<br>AUSTIN, TX  78703 |
| LEAGUE HOLDINGS, LLC<br>1717 W 6TH ST<br>AUSTIN, TX  78703 |
| LEWIS RICE FINGERSH<br>ATTN: JOHN J HALL<br>600 WASHINGTON AVE, STE 2500<br>ST LOUIS, MI  63101-1311 |
| MEP MAINSTREET OPERATIONS, LLC<br>ATTN: GENERAL COUNSEL<br>601 E. PRATT STREET, 6TH FLOOR<br>BALTIMORE, MD  21202 |
| MOORE & VAN ALLEN PLLC<br>ATTN: CHRISTOPHER D THOMPSON ESQ<br>100 N TRYON ST, STE 4700<br>CHARLOTTE, NC  28202 |
| MUELLER ALDRICH STREET LLC<br>ATTN: C WILLIAM HOSLER<br>66 FRANKLIN ST, STE 200<br>OAKLAND, CA  94607 |
| NERANGIS MANAGEMENT<br>ATTN: LISA LIMOGES<br>181 KERNSTOWN COMMONS BLVD<br>WINCHESTER, VA  22602 |
| NEW BRAUNFELS MARKETPLACE LP<br>ATTN: PROPERTY MANAGEMENT<br>177 W MILL ST<br>NEW BRAUNFELS, TX  78130 |
| NREA-TRC 700 LLC<br>C/O NATIONAL REAL ESTATE ADVISORS LLC<br>ATTN: TODD KINDBERG, DIR ASSET MGMT<br>900 7TH ST, NW, STE 1500<br>WASHINGTON, DC  20001 |
| OCONNOR PROPERTY MANAGEMENT LLC<br>ATTN: YVONNE JONES<br>230 ROYAL PALM WAY, STE 102<br>PALM BEACH, FL  33480 |
| PASCHICH HOLDINGS<br>ATTN: CRAIG PASCHICH<br>1140 E. BASELINE RD.<br>TEMPE, AZ  85283 |
| PAUL HASTINGS LLC<br>ATTN: DAVID M BROOKS, ESQ<br>200 PARK AVE<br>NEW YORK, NY  10166 |
| PJ SOLOMON<br>1345 AVENUE OF THE AMERICAS FL 31<br>NEW YORK, NY  10105-3199 |
| PN PLAZA INVESTMENTS LP<br>C/O THE PRUDENTIAL INSURANCE OF AMERICA<br>ATTN: LEGAL DEPT<br>8 CAMPUS DR<br>PARSIPPANY, NJ  07054-4493 |
| PORTAGE POINT PARTNERS<br>300 NORTH LASALLE, SUITE 1420<br>CHICAGO, IL  60654 |
| PRICEWATERHOUSECOOPERS LLP<br>835 WEST 6TH STREET<br>SUITE 1600<br>AUSTIN, TX  78703 |
| REEL DINNER PARTNERS V LLC<br>ATTN: CHRIS HOEGEMEYER, PRES<br>1255 SW LOOP 410<br>SAN ANTONIO, TX  78227 |

| Name and address |
|---|
| RIVERSIDECA 17 LTD<br>C/O RIVERSIDECA RESOURCES<br>ATTN: DON REESE<br>100 CONGRESS AVE, STE 1450<br>AUSTIN, TX  78701 |
| ROBERT E. HIGGS & KAY J. HIGGS FAM TRUST<br>5201 HONOR OAK COURT<br>SANTA ROSA, CA  95405 |
| SHEARMAN & STERLING LLP<br>ATTN: MALCOLM MONTGOMERY, ESQ<br>599 LEXINGTON<br>NEW YORK, NY  10022 |
| SITE CENTERS<br>ATTN: PAULA SINARSKI, SR COLLECTIONS<br>3300 ENTERPRISE PKWY<br>BEACHWOOD, OH  44122 |
| SLOANS LAKE-FCA LLC<br>C/O FCA PARTNERS LLC<br>ATTN: EDWARD M CHERRY<br>300 S TRYON ST, STE 420<br>CHARLOTTE, NC  28202 |
| SPRINGBOARD VENTURES<br>ATTN: JOHN MARTIN<br>4005 SOUTH AVE<br>SPRINGFIELD, MO  65807 |
| STIFEL FINANCIAL CORP.<br>501 N BROADWAY<br>SAINT LOUIS, MO  63102-2188 |
| SUMMIT GLORY PROPERTY LLC<br>28 LIBERTY ST, 44TH FL<br>NEW YORK, NY  10005 |
| SVAP II PARK NORTH LLC<br>ATTN: GREG MOROSS<br>340 ROYAL POINCIANA WAY, STE 316<br>PALM BEACH, FL  33480 |
| TEXAS CAPITAL BANK<br>ATTN: JEFFREY M. PARILLA<br>200 MCKINNEY AVENUE STE 700<br>DALLAS, TX  75201 |
| THUNDERBIRD BROTHERS LLC<br>1501 OAKTON ST<br>ELK GROVE VILLAGE, IL  60007 |
| TOM STOLTZ<br>3908 AVENUE B<br>AUSTIN, TX  78751 |
| TRACT 107 LLC<br>ATTN: JOHN E BAKER<br>96 SAN JACINTO BLVD, STE 220<br>AUSTIN, TX  78701 |
| TRIPLE TAP VENTURES<br>ATTN: NEIL MICHAELSEN<br>120 W LOOP 289<br>LUBBOCK, TX  79416 |
| TRUIST BANK<br>214 N TRYON ST<br>CHARLOTTE, NC  28202-1078 |
| TWO IS ONE, ONE IS NONE<br>ATTN: BILL DIGAETANO<br>100 S CENTRAL<br>EXPY 14<br>RICHARDSON, TX  75080 |
| UE PROPERTY MANAGEMENT LLC<br>F/B/O UE YONKERS II LLC<br>C/O URBAN EDGE PROPERTIES<br>210 ROUTE 4 E<br>PARAMUS, NJ  07652 |

| Name and address |
|---|
| URBAN EDGE PROPERTIES<br>ATTN: ANDREW LURIE, REAL ESTATE COUNSEL<br>210 ROUTE 4 EAST<br>PARAMUS, NJ  07652 |
| VALUATION RESEARCH CORPORATION<br>500 FIFTH AVENUE<br>NEW YORK, NY, NY  10110 |
| VINELAND POINTE OWNER LLC<br>C/O OCONNOR PROPERTY MAGEMENT LLC<br>ATTN: YVONNE JONES<br>230 ROYAL PALM WAY STE 102<br>PALM BEACH, FL  33480 |
| WELLS FARGO BANK NA<br>ATTN: VICKI WOOTEN<br>420 MONTGOMERY ST, 6TH FL<br>SAN FRANCISCO, CA  94104 |
| WESTLAKES 410 INVESTMENTS LLC<br>C/O SERVICE GROUP<br>ATTN: SCOTT BOOTH<br>6907 CAPITAL OF TX HWY<br>AUSTIN, TX  78731 |
| WHITESTONE PARKSIDE VILLAGE SOUTH LLC<br>ATTN: MADE SETIAWAN<br>2600 S GESSNER RD STE 500<br>HOUSTON, TX  77063 |
| WHITESTONE REIT<br>ATTN: MELISSA BEATTY<br>2600 S GESSNER RD STE 500<br>HOUSTON, TX  77063 |
| WHITESTONE REIT OPERATING PARTNERSHIP LP<br>ATTN: MATT OKMIN<br>2600 S GESSNER RD STE 500<br>HOUSTON, TX  77063 |
| WILLIAMS LTD<br>ATTN: EVAN M WILLIAMS<br>524 N LAMAR, STE 203<br>AUSTIN, TX  78703 |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>RODNEY SQUARE<br>1000 NORTH KING STREET<br>WILMINGTON, DE  19801 |

27. **Inventories**
    Have any inventories of the debtor's property been taken within 2 years before filing this case?
    ☒ None

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**
    ☐ None

    | Name | Address | Position and nature of any interest | % of interest, if any |
    |---|---|---|---|
    | ALAMO CINEMA GROUP I, LP | 3908 AVENUE B<br>AUSTIN, TX  78751 | EQUITY INTEREST HOLDER | 100 |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**
    ☒ None

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?
    ☒ None

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**
    ☐ None

| Debtor | Alamo Staten Island, LLC | Case number (if known) | 21-10504 |
|---|---|---|---|
| | (Name) | | |

| Name of the parent corporation | Employer identification number of the parent corporation. |
|---|---|
| ALAMO DRAFTHOUSE CINEMAS HOLDINGS, LLC | 82-5112205 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ None

Debtor  Alamo Staten Island, LLC  Case number (if known) 21-10504
(Name)

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3/31/2021.

✗ /s/ Matthew Vonderahe             Matthew Vonderahe
Signature of individual signing on behalf of the debtor   Printed Name

Chief Financial Officer
Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☒ No
☐ Yes